Johnson, C. J. This action was founded upon a l'eceipt executed by Lafferty to John H. Rutherford and endorsed by Jas. Rutherford to Callen. John H. Rutherford sued Lafferty upon the receipt for the use and benefit of Callen. Upon the trial before the circuit court, Callen offered the receipt in evidence to the jury, to the introduction of which Lafferty objected, and the court upon consideration sustained the objection and excluded the instrument. The plaintiff also offered to prove that the corn had been demand? ed and refused, which he was prevented from doing, and to save both points he filed his bill of exceptions. That the receipt fur? nished a good cause of action against Lafferty in the name of John H. Rutherford for the use of Callen, we think too clear to admit of doubt. True it is, that an endorsement appears upon it by which James Rutherford has assigned and transferred it to Callen. This assignment is wholly imperative as there is no showing upon the paper that James Rutherford ever had any interest in it either equitable or legal, and consequently could vest none in Callen by any act whatever. The app.ellee insists that the .case ought to be dismissed for want of jurisdiction as there is no showing of record that the receipt was filed with the justice before the institution of the suit. This objection would have been well taken when the case was first before the circuit court or in the supreme court at the suit of Lafferty. But we are now circumscribed within the limits prescribed by the mandate of this court, when the case was last before it. The same instrument that is now offered in evidence was then before us, and the question of jurisdiction, if then available, ,could not now be taken advantage of. The presumption in £he presenj; attitude of the case is that the receipt was filed before 'the justice, but if such was nut the case, we are not now at liberty •to go behind the mandate to inquire into that fact. This point was expressly ruled in the case of Fortenbury vs. Frazier et al. 5 A. R. p. 202, where it was held that after a case has been decided •by the supreme 'court and remanded to the inferior court and is •again brought before the supreme court, nothing is now before the court for adjudication but the proceedings subsequent to the mandate. This principle has also been recognized in the case of Faulkmer et al. vs. Walker, decided at the present term of this court. It is apparent that this court, when this case was last before it,, ■overlooked the true state of the record and consequently arrived at •an improper conclusion. They confounded the names of John and' James, and by means of the mistake, were induced to decide' ■against the law of the case. We think it clear therefore that the’ circuit court erred in rejecting the receipt and also in refusing -permission to the plaintiff to prove a demand and refusal of the .■corn-mentioned in -that -instrument. Judgment reversed.